MARY PHILLIPS, Appellant, *v.* MARGARET LEWIS, Respondent.

*Action for board — questions as to time of payment are for the jury — Statute of Limitations.*

The complaint in an action brought to recover the agreed price for board for thirty-two and one-half weeks did not allege that such board was payable at any particular time. The action was commenced five years eleven months and twenty-two days after the time that defendant left the plaintiff's house. On the trial the plaintiff testified, and was corroborated by three witnesses, to the effect that the agreement with the defendant was that said defendant was not

to pay for her board until the time when she should sell certain Mexican Land Improvement bonds. This statement was denied by the defendant.

At the close of the evidence the plaintiff asked to go to the jury upon the question of fact raised by this testimony, which request the trial court refused, and held as a matter of law that the plaintiff was only entitled to recover the agreed price for one week's board.

*Held,* that the court erred in refusing to submit such question to the jury, and that the judgment should be reversed and a new trial granted.

APPEAL by the plaintiff, Mary Phillips, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of November, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 12th day of November, 1894, denying the plaintiff's motion for a new trial.

*M. C. Milnor*, for the appellant.

*John P. Herren*, for the respondent.

PER CURIAM:

This action was begun April 23, 1894, to recover the agreed price for board and a room from September 15, 1887, until May 1, 1888. The plaintiff claims for thirty-two and one-half weeks at the agreed price of $30 per week, $975, and admits a payment of $325, and demands a judgment of $650 with interest from May 1, 1888. The defendant asserts that she had a room and board for thirty-two weeks between September 15, 1887, and May 1, 1888, at the agreed price of $15 per week, amounting to $470, which sum she alleges she has paid, and also alleges that the six years' Statute of Limitations is a bar to the action.

The action was begun five years eleven months and twenty-two days after May 1, 1888, when it is agreed that the defendant left the plaintiff's house. It is not alleged in the complaint or in the answer that the price agreed on, whatever it was (thirty dollars or fifteen dollars per week), was payable weekly or at any particular time. On the trial the plaintiff testified, and in this she was corroborated by three witnesses, that the agreement was that the defendant was not to pay for her board until the time when she should sell certain Mexican Land Improvement bonds. The defend-

ant denied that there was any such agreement. This evidence was admitted without objection on the part of the defendant that it was not within the pleadings. No objection was raised to its admissibility. At the close of the evidence the plaintiff asked to go to the jury upon the question of fact raised by this testimony, which the court refused, and it was held as matter of law that the plaintiff was only entitled to recover the agreed price for one week's board. The plaintiff asked to amend the. complaint so as to conform it to the facts proved. This motion was denied and an exception taken. It was not asserted on the trial that the defendant was taken by surprise by the evidence offered in behalf of the plaintiff.

We think that the court erred in refusing to submit the question to the jury, and that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment and order reversed, new trial granted, costs to appellant to abide event.